## Moses Call & another *vs.* Vincent Richards.

The owners of three fourths of a vessel gave bond to dissolve an attachment of the fourth part of the other part owner, and the master promised to pay them the future earnings of such fourth part. *Held,* that as against them the master was entitled to retain out of such earnings a sum sufficient to discharge outstanding debts contracted by him on account of the vessel and owners.

Action of contract for money had and received, commenced on the 27th of October 1851, by Moses Call and Benjamin D. Metcalf, to recover $92, being one quarter part of the net earnings of the brig Galena on her then last voyage.

The case was referred by the court of common pleas to an auditor, from whose report thereof it appeared to be as follows: On the 22d of January 1850, the brig Galena, of which one quarter part was then owned by Isaac Taylor, and three quarter parts by the plaintiffs, while lying in Damariscotta River in the State of Maine, was taken possession of by a deputy of the sheriff of the county in which she lay, and Taylor's quarter part of her attached on several writs against him in the courts of Maine. The plaintiffs requested Taylor to dissolve the attachment, and on his refusal, gave the bond required by the revised statutes of Maine, *c.* 114, §§ 65, 66, (corresponding to Rev. Sts. of Mass. *c.* 90, §§ 73, 74,) of any part owner of personal property, wishing to dissolve an attachment thereof in a suit against another part owner; and procured the brig to be delivered to them by the attaching officer; and these facts were entered on the brig's register. The defendant was then, and during the voyage mentioned in the declaration, master of the brig, sailing her on shares, and as master received the profits and earnings of the brig.

The plaintiffs put in evidence before the auditor, the following agreement, the signature to which was admitted: "Boston, July 8, 1851. I hereby agree to pay to Moses Call and B. D. Metcalf, or to one of them, or to Chamberlain and Foster, [who had purchased from the plaintiffs one half of the brig,] all the money I may receive while master of the brig Galena, that I may hereafter receive for or on account of one fourth part of the earnings

of said vessel, said one fourth part being attached as the property of Isaac Taylor, and bonded by Metcalf & Call, as wil' appear by her register.                    Vincent Richards."

It further appeared in evidence, that the plaintiffs, on the 15th of October 1851, made a demand on the defendant for the earnings due on the quarter part of the brig, attached as Taylor's; and that the defendant, in reply to this demand, admitted that he had about ninety two dollars belonging to that quarter, but said something about not having fully made up his account; that on the said 15th of October the defendant paid about ninety dollars, for and on account of said quarter, to Chamberlain and Foster, who, finding themselves likely to be involved in a suit, by paying this sum either to the plaintiffs or to Taylor, returned it in a few days to the defendant of their own accord; that about the same time the defendant paid Chamberlain and Foster a sum of money, as the earnings of their half of the brig, which sum was not afterwards called for by the defendant, nor paid back to him by them; and that on the 27th of October 1851 the defendant sailed on a new voyage with the brig, and did not return to Boston until the following spring; and did not render to the owners any account of the earnings and expenses of the brig until after his return.

The defendant filed before the auditor his account with the brig Galena and owners, crediting them with the earnings of the brig during the voyage in question; and charging them with sundry items for supplies, repairs and other expenses, some of which were paid before the demand made by the plaintiffs on the defendants as above stated, and the correctness of the items so paid was admitted by the plaintiffs, who claimed as due to them one fourth part of the actual cash balance in the defendant's hands at the time of said demand. All the other items charged were contracted by the defendant previously to said demand, and were charged by the creditors, named in the defendant's account, to "Brig Galena and owners." A small portion of them was paid in cash by the defendant after said demand, and before the commencement of this action; and the remainder were contracted on credit, and

were paid in the spring of 1852 by Miller and Hatch, who had purchased one quarter of the brig from the plaintiffs, and by Chamberlain and Foster, part owners of the brig, who charged such payments to the brig and owners, and afterwards accounted with the defendant for the same. The defendant did not ask or receive from any of the owners, either for the purpose of paying bills against the brig or for any other purpose, any money paid over to them for earnings before the sailing of the brig on the 27th of October 1851.

On the foregoing facts, the auditor found and reported, that if the plaintiffs had a legal title to the earnings of said quarter part of the brig, and if they were entitled to the amount in the hands of the defendant at the time of the demand upon him, then the sum of $92.29 was due to them at the date of the writ; if the defendant had a right to retain, out of the earnings, the amount which he had at the time of the demand agreed to pay in cash, and which he did afterwards pay in cash, before the commencement of this action, then the sum of $81.94 was due to the plaintiffs; but if the defendant had a right to retain out of said earnings a sum sufficient to cover the liabilities of the vessel and owners for bills, at the time of the demand, contracted on credit, and charged to the vessel and owners, and afterwards paid, then the plaintiffs had a balance of account against them, and were not entitled to recover any thing.

On the return of the auditor's report, the parties agreed to take it as an agreed statement of facts, and so submitted it to the court of common pleas, who gave judgment thereon for the defendant. The plaintiffs appealed to this court.

*C. C. Nutter,* for the plaintiffs.

*C. W. Loring,* for the defendant.

THOMAS, J. Three questions are reserved upon the agreed statement of facts. 1. Whether the plaintiffs would in any event be entitled to the earnings of the quarter of the brig, owned by Isaac Taylor. 2. Whether the defendant has rendered himself liable upon his written agreement to pay to the plaintiffs such earnings. And, 3. Whether the master was liable in the then existing state of accounts.

The auditor finds that if the master had a right to retain from the earnings a sum sufficient to meet the liabilities of the brig and owners at the time of the demand, there would be nothing then due. These debts were contracted by the master, and for them he was personally liable. It is very clear that while these liabilities were outstanding against him, he could not be required to pay over the money in his hands, which might be needed to discharge them.

As the determination of this last point disposes of the action, we have not found it necessary to consider the others.

*Judgment for the defendant.*